**JONES v BONTEMPO et**

**CATRON v BONTEMPO et**

Ohio Appeals, 1st Dist, Hamilton Co.

Nos. 5808, 5809. Decided June 10, 1940.

George Weller, Jr., Cincinnati, for appellees.

Thomas J. Herbert, Cleveland; Richard A. Morris, Cincinnati, and Fred W. Edmonston, for appellants.

**OPINION**

By HAMILTON, PJ.

These two cases present the same question of law and are considered together.

The plaintiffs came into conflict with ¶3, §1081-17 GC, as amended, relating to Registered Barbers, and the license certificate to practice.

Paragraph 3 prohibits "advertising by means of knowingly false or deceptive statements, and **advertising of prices of barber service in any form whatsoever".** * * *

The plaintiffs advertised on the windows of the respective barber shops, as follows: "Hair Cutting—twenty-five cents".

The defendants, constituting the Board of Barber Examiners, upon notice and hearing suspended the license certificate of plaintiffs for sixty days.

The plaintiffs, being dissatisfied with the order of suspension, filed suits under favor of §1081-18 GC, seeking to set aside the orders of suspension of their license certificates.

The complaints are grounded on the claim that that part of ¶3 of §1081-17 GC, is unreasonable, arbitrary, and, therefore, unconstitutional, and plaintiffs ask that the orders of suspension be set aside.

The answers in the cases rely on ¶3 of §1081-17 GC, which prohibits the advertising of prices on the windows of shops, as justification for the suspension orders.

Plaintiffs demurred to the answers, as not constituting a defense, and thus raised the question of the constitutionality of the clause in ¶3 of §1081-17 GC.

The trial court sustained the demurrers, holding in the syllabus of its opinion:

"1. Suspension of, or refusal to renew license of a duly licensed barber who in all other respects complies with the provisions of the Ohio Barbers' License Code, solely on account of such barber advertising on the window of his shop the words, 'Hair cutting, 25 cents', is contrary to the constitutional rights of such barber.

"2. So much of the amendment (approved on May 11, 1937—117 Ohio Laws 342) to §1081-17 (3) GC as adds the words 'and advertising of prices of barber services in any form whatsoever of any person, persons, firm or corporation' is invalid and unconstitutional in so far as the same denies to a duly licensed barber, complying with the provisions of the Ohio Barbers' License Code. the right to advertise on the windows of his shop, 'Hair cutting 25 cents'.

"3. Under the authority of §1081-18 GC the Court of Common Pleas is authorized, on appeal from the action of the Board of Barber Examiners, suspending or refusing to renew a barber's license solely on account of his advertising on the window of his shop such words, to set aside and vacate such decision on the ground that the same is unreasonable or unlawful.

"4. The mere act of advertising the price charge by a barber for his services cannot affect the public health, morals, safety or general welfare."

With these findings, we are in accord.

It may be conceded that the state in the exercise of the police power, has the right to enact legislation to prevent fraud and deception, and in original §1081-17, ¶3, did just that. But in an amendment thereto, added the words regarding price, and advertising, complained of. The added words prohibiting advertising could have no purpose of protection to the public or prevention of fraud. In fact the advertising sought to be inhibited would have the effect of protecting the public. The added words in no respect relate to public health, safety, morals, or general welfare, necessary to call into being the police power of the state.

Our conclusion is, based upon reason and authority, that the words above quoted in ¶3, of §1081-17 GC, are unreasonable, arbitrary, and their enforcement by suspension of plaintiffs' license certificate violates plaintiffs' constitutional rights. State v Gardner, 58 Oh St 599; State ex Monnett v Pipe Line Co., 61 Oh St 520; People v Osborn, 59 Pac. (2d) 1083; Sumler v Dental Examiners, 34 Pac. (2d) 311.

The judgments are affirmed.

MATTHEWS & ROSS, JJ., concur.